UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60753
Summary Calendar

_____

DANA MICHELE RANDOLPH,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.; HARVEY MOHESKY,
individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:97-CV-183-BB)

_____

May 5, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dana Michele Randolph appeals the summary judgment dismissing her claims against her former employer, Wal-Mart Stores, Inc., and regional manager Harvey Mohesky, for violations of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206, and the dismissal without prejudice of her state law claims for intentional and negligent infliction of emotional distress and tortious interference with a business relationship. Randolph contends that she presented evidence establishing material fact issues regarding whether the defendants treated similarly situated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

males differently and whether Wal-Mart's stated reason for discharging her was pretextual. (Assuming summary judgment was proper, Randolph does not contest the dismissal without prejudice of her state law claims.)

Pursuant to FED. R. CIV. P. 56, and viewing the summary judgment evidence in the light most favorable to Randolph, there is no material fact issue regarding whether Randolph was discharged on the basis of her sex, or whether she received less pay than similarly situated male employees. Accordingly, granting summary judgment for the defendants on the Title VII and Equal Pay Act claims was proper, essentially for the reasons stated by the district court. ***Randolph v. Wal-Mart Stores, Inc.***, No. 3:97-CV-183-B-A (N.D. Miss. Oct. 30, 1998) (unpublished).

***AFFIRMED***